**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ADAN GONZALES,

        Petitioner,

vs.                                         Case No.:    3:16-cv-804-J-34JRK
                                                                               3:08-cr-139-J-34JRK

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Adan Gonzales's "Pro Se Motion to Preserve His Rights Pursuant to Johnson v. United States," which the Court construes as a second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1).[1] As is evident from the Eleventh Circuit's order on Gonzales's application to file a second or successive motion to vacate (Crim. Doc. 188, Order Denying S.O.S. Application), Petitioner challenges his sentence as a career offender under the United States Sentencing Guidelines. Petitioner contends that he is entitled to relief from his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and Welch v. United States, 136 S. Ct. 1257 (2016), which held that Johnson applies retroactively on collateral review.

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Adan Gonzales, Case No. 3:08-cr-139-J-34JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil case, Case No. 3:16-cv-804-J-34JRK, will be denoted as "Civ. Doc. __."

Because Gonzales previously moved to vacate his sentence under 28 U.S.C. § 2255 (see Case No. 3:11-cv-408-J-34JRK, Doc. 1), and because the Court denied the first motion to vacate (Case No. 3:11-cv-408-J-34JRK, Doc. 12), Gonzales was required to apply to the Eleventh Circuit Court of Appeals for permission to file a second or successive motion to vacate. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). On August 3, 2016, the Eleventh Circuit Court of Appeals denied Gonzales's application. Order Denying S.O.S. Application at 5.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Because the Eleventh Circuit denied Gonzales's application to file a second or successive motion to vacate, the Court lacks jurisdiction over the current § 2255 motion.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Adan Gonzales's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of August, 2016.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner